By the Court.
I. William C. Lewis, a witness called by the plaintiff below, was inquired of as to the value of the property destroyed by the fire. The defendant objected. The objection was overruled, and the defendant excepted. The witness- being permitted to answer, answered the question. It is insisted that the testimony of the witness'shows that he was not possessed of sufficient experience and information upon the subject to enable him to answer intelligently. While we think that he was not very well qualified to testify as an expert, his testimony shows, nevertheless, that he had been well acquainted with the property for several years, and knew its cost, and we think it was proper to allow his opinion to go the jury, they to give it such consideration as, under the circumstances, they might deem it entitled to.
II. As to the overruling of the motion to take the case from the jury.
This assignment of error is based largely on the fact that the plaintiff gave no proof showing that the Milling Company had paid assessments claimed to have been made after the issuing of the policy. It is insisted that the plaintiff, upon the trial, was bound to go forward and give evidence in chief, negativing any default on its part in respect thereto. The plaintiff alleged in his petition full performance on the part of the Milling Company of all the conditions and requirements to be observed and performed on its part by the terms of the policy and the by-laws ofthe company, including the pay *3 ment of all assessments required of it upon the premium noté¿ This allegation of the petition is denied in the answer, and it is alleged therein, among other things, that on or about October 1, 1888, in pursuance of the provisions of said policy and bylaws, the defendant made an assessment upon said Milling Company on its premium note, of $42.75, which assessment the said Milling Company failed to pay within thirty days from the date of notice thereof, and has ever since failed to pay. This averment of the answer is expressly denied in the reply.
It was quite proper for the plaintiff to allege in his petition, in general terms, that he had fully performed all the terms of the contract of insurance on his part to be performed; Rev. Stat., sec. 5091 ; Ins. Co. v. McGookey, 33 Ohio St. 555, par. 3. And when an allegation- of this character is denied in the answer, the general rule is, that the plaintiff must make proof thereof on the trial. But this rule does not require the plaintiff, in presenting his case in chief, to take the initiative and show that assessments had been made which he had paid. Had he, in his reply, admitted the allegation in the answer that an assessment had been made in October, 1888, a different question would have been presented; but he denied that allegation. When he closed his testimony, so far as appears by the record, there was nothing before the court and jury to indicate that any assessment had been made. It was not incumbent upon the plaintiff, therefore, in this condition of the testimony, to give any further proof upon that subject.
Entertaining these views, we are of the opinion that the motion to take the case from the jury was properly overruled. In connection with this phase of the case, our attention is called to the action of the court below in regard to the instruction requested by the defendant as embodied in paragraph five of the requests, which is as follows: “ That the burden of proof in this case rests upon the plaintiff, and that before a recovery can be had in the case, it must show, by a clear preponderance of the evidence, that it has complied substantially *4 .with all the terms, conditions and requirements of said policy and by-laws on its part to be performed.”
As we understand the record, this request was given to the jury (pp. 45 and 48). But in so far as it may be claimed that under the pleadings, and by the terms of the policy, the plaintiff was bound to go forward and make proof, in his case in chief, on the subject of assessments, the argument is sufficiently met by the views expressed above.
Attention was also called to the proofs of loss submitted to the company by the plaintiff. It was claimed that these were insufficient, the affidavits having been made by certain officers of the Milling Company, and not by the plaintiff. We think that it was entirely competent and proper for the proofs to be made by those officers. They were better informed upon the subject, and could speak more intelligently and satisfactorily in regard to it than the plaintiff, who was the mere officer of the court. The eighth clause of section fifteen of the by-laws contains this provision : “ If this policy is made payable, in case of loss, to a third party as collateral security, the proofs of loss shall be. made to (by) the party originally insured, unless there has been an actual sale of the property insured, and the policy transferred absolutely with the consent of the Company.” It may be remarked, however, that so far as the record shows, no objection was made by the Company to the proofs of loss furnished by the plaintiff. The Company, therefore, is deemed to have waived all objections to the manner and form in which the proofs were made.
III. It is next urged that the court erred in rejecting certain -evidence offered by the defendant, by which it sought to show the making of an assessment by the Insurance Company, upon the premium note of the Milling Company, in October, 1888, which the latter, upon demand, refused to pay.
First — As to the proof offered for the purpose of showing that the assessment had been made. This consisted of oral testimony entirely, and was incompetent. The records of the Company, or a duly examined and proven copy thereof, show *5 ing the action of the proper authorities in making the assessment, should have been produced, or the absence thereof properly accounted for.
Second — Proof of the demand and non-payment of the alleged assessment should have been received had it been accompanied with competent evidence of the making of the assessment, or an offer to make such proof. But under the facts disclosed in the record, we think the testimony offered was properly excluded.
Third — The court also rejected evidence offered by the defendant for the purpose of showing “ that before the fire occurred, the Edgerton Milling Company permitted changes to take place in the title to said property so insured, and particularly the real estate, by legal process and judicial decree, without the consent or the knowledge of the defendant, by permitting judgment to be rendered in the court of said county of Williams against the said Edgerton Milling Company, and in favor of various persons.”
The question here presented arises upon the following provisions contained in section 15 of the by-laws of the Company : “ Or any change take place in the title or possession (of the property) Avhatever, by legal process or judicial decree * * * this policy shall be void.” “ If the property hereby insured shall be levied upon, or taken into possession or custody under any proceeding in law, or equity * * all insurance shall thereupon cease and the policy be void.”
The testimony offered and rejected did not shoAA', or tend to show any change in the title or possession, or that the property insured had been levied upon, or taken into custody or possession under any legal proceedings, nor does it appear that any proof upon that subject was offered. The court, therefore, did not err in excluding the testimony offered.
IV. The court also rejected evidence offered by the defendant to prove that at the time the application for insurance was made by the Milling Company, two mortgages were outstanding upon the lots occupied by the mills and machinery *6 covered by the policy, amounting to nearly $3,000. It was not claimed that these incumbrances were not-truly set forth in the application. Indeed, the application, which was given in evidence and is made a part of the bill of exceptions, states that the property is mortgaged to the extent of $3,000. It also appears in the application that the land on which the buildings stood was valued therein at $1,000. It was insisted on the argument that from these facts, in connection with 'other matters contained in the record, it appears that there was an over-valuation, to the prejudice of the defendant. Section 15 of the by-laws declares that “an over valuation ” of the property shall avoid the policy. The answer avers that in the application for insurance made by the Milling Company, the latter “ greatly over-valued the property sought to be insured,” by reason of which over-valuation, which was without the knowledge of the defendant, said policy of insurance, issued upon said application was and is, by the terms thereof, void. These allegations are denied in the reply.
As to the questions thus presented, it may be said :
First — There is nothing in the proofs tending to show that the property insured, namely : the buildings,’machinery, etc., was over-valued.
Second — There is no averment in the answer that the land was, in fact, over-valued, or that the company was, in any respect, prejudiced by such supposed overvaluation, nor did the proof offered tend to show any such prejudice.
Third — The application which was received in evidence, showed the existence of the mortgage incumbrance referred to, and there was no controversy in regard to it.
Fourth — There was a conflict in the testimony as to whether or not the plaintiff Company was responsible for the statement in the application that the lands were worth $1,000. It was shown that the application was signed by J. C. Mortland, the president of the Company, but it was admitted by the agent of the Insurance Company, who took the application, *7 and who was called as a witness by the defendant, that all the answers to interrogatories contained in the application were in his hand-writing, or in that of his book-keeper. He further stated that the writing was done in his office, and that it was afterwards handed to the president to be signed ; also that he obtained from the president and members of the board of directors, the facts upon which he made out the application before he signed it. Upon cross-examination he would not undertake to say which member of the board fixed the value of the land at $1,000. The plaintiff, in rebuttal, gave testimony tending to show that neither the president, nor any director of the Company represented the land to be worth $1,000, or had actual knowledge that such statement was contained in the application. Upon this state of facts, as shown in the testimony, the court, upon this branch of the case, charged the jury, in substance, that if the agent of the Insurance Company procured the application for the insurance to be made out, he must be held to be the agent of the Insurance Company in that regard, and that if he made any mistake in writing out answers to questions contained in the application, the Insurance Company could take no advantage of it; but that if he correctly wrote the answers, and there was a substantial over-valuation by which the Insurance Company was misled, this would render the policy void. He added, however, that under the pleadings an over-valuation of the land upon which the mill property was located, would be immaterial, as no such over-valuation was pleaded. In the views thus expressed by the trial court, we fully concur. See Eev. Stat., sec. 3643-4.
V. Instructions asked by the defendant and refused by the court.
Certain of the exceptions taken on the trial to the action of the court in refusing requests to charge submitted on the part of the defendant, were waived on the hearing before us. The exceptions insisted upon, are the following:
*8 “ 4. That when, in a policy of insurance, or by the terms of the by-laws of the company issuing the same, the assured is required to pay an assessment on the premium note within a time stated after the assured is notified, either by mail, or otherwise, that said assessment is due and payable, and in default of payment as so stipulated, the policy should become null and void, a neglect of the assured to comply with said provisions avoids the policy, and no action on the part of the company is needed to give effect to such avoidance.”
As to this request, it is sufficient to say that there was no evidence before the jury tendipg to show that any assessment had been made, or payment-thereof demanded, and refused.
“6. That before the jury can render a verdict for the plaintiff in this cause they must be satisfied from the testimony that the statements made in the application which were material to the risk were true.”
This proposition is entirely too broad. The plaintiff was not called upon to offer proof upon any matter referred to in the application unless the pleadings presented an issue in respect thereto. All these matters were sufficiently covered in the charge given by the court.
“7. That if the jury find from the testimony that the Edgerton Milling Company represented in the application for insurance that the value of the land was $1,000, when the fact was it was not worth to exceed $155, the contract of insurance is null and void, and the plaintiff cannot recover.”
The question here presented is sufficiently discussed above.
“ 8. The plaintiff cannot recover if the representations in the application are untrue, or any material one of them, even though there was no intentional falsehood.”
The remarks made above in regard to request No. 6 are also applicable here.
“ 10. That the issues in this case are made in the pleadings, and that, to recover, the plaintiff must substantiate, by a fair preponderance of the evidence, every material issue made in the pleadings.”
Leidigh & Fillets and Ferris & Swing, for plaintiff in error.
■ Emery & Masters, for defendant in error.
It is difficult to understand exactly what is meant by this request. Taken literally, it would require the plaintiff to assume the burden of disproving matters of defense specially pleaded by the defendant. The charge of the court fairly presented to the jury the rule which should govern them ihdetermining the issues of fact arising upon .the pleadings..
“11. That the non-payment of an assessment on the premium note, which was the consideration of the policy sued on in this case, is a material issue made in the pleadings, and in order for the plaintiff to recover, the jury must find from the evidence, that the assessment was duly paid.”
We can only here repeat what we have already said, that there was no testimony before the jury tending to show that . any assessment had been made. This request was, therefore, properly refused.
We have now considered all the grounds of error urged on the hearing of this case. It follows from what we have said that the judgment must be affirmed.